IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NUMBER H-04-025 |
| | § | |
| RICHARD A. CAUSEY, JEFFREY K. | § | |
| SKILLING, and KENNETH L. LAY, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is defendant Jeffrey Skilling's Motion to Compel Production of Exculpatory and Rule 16 Materials (Docket Entry No. 335), in which defendants Kenneth L. Lay and Richard Causey have joined (Docket Entry No. 350). Having carefully considered the motion, the government's Memorandum of Law in Response, and Skilling's Reply, the court rules as follows.

**I.**

Skilling asks that the government be required to identify and disclose immediately contact information about eleven confidential sources discussed in the Affidavit of FBI Special Agent Omer J. Meisel, filed on October 2, 2002, in support of the criminal complaint filed against Andrew Fastow. Skilling argues that this

information is required to be disclosed under the three-factor test announced by the United States Supreme Court in Roviaro v. United States, 77 S.Ct. 623 (1957). The court is not persuaded that Roviaro applies because the witnesses referred to by agent Meisel do not appear to be informants. As explained by the Fifth Circuit in Gordon v. United States, 438 F.2d 858, 875 (5th Cir. 1971),

> . . . As we understand the term, persons who supply information only after being interviewed by police officers, or who give information as witnesses during the course of an investigation, are not informers.

Skilling has not shown that the persons interviewed by agent Meisel were working for the government at the time of the allegedly illegal events involving Fastow. Instead, it appears that they provided information to the government during its later investigation of Fastow's criminal activity. However, since the identities of these witnesses are not protected by the informer's privilege, they are subject to disclosure by the government pursuant to the court's Scheduling Order.

**II.**

Skilling argues that the government suppressed the existence and contents of its 1A Index and should now be required to produce additional documentary evidence identified in that index. The court concludes that the following relief is warranted.

1. The government is **ORDERED** to produce for the court's <u>in camera</u> review by 2:00 p.m. on June 29, 2005, the documents listed on page 97 of the 1A Index and document DOL 1A 23.

2. Handwritten notes created by the government's witnesses are discoverable as <u>Jencks</u> Act material and potentially as <u>Giglio</u> material and will be produced by the government pursuant to the court's Scheduling Order.

All other relief sought by Skilling in connection with the 1A Index is **DENIED**.

### III.

Skilling argues that the government has suppressed critical computer evidence. The government is **ORDERED** to advise defense counsel and the court by July 14, 2005, whether Michael Kopper will assert any privilege with respect to information contained on the four computers returned to him by the government. If no privilege is asserted, counsel for the government, Kopper, and defendants will promptly arrange to provide defense counsel access to the computers. The court is not persuaded that any of Skilling's other arguments regarding suppressed computer evidence warrant relief.

### IV.

Skilling complains that the government has not been diligent in identifying "hot documents." Among other things, Skilling asks that the court order the government to provide an index separately identifying each hot document that has been and will be produced.

The government objects to providing such an index, arguing that Skilling is essentially asking the court to act as a special master over the government's discovery process.

The court is persuaded that all parties and the court would benefit from a uniform index of hot documents. The court can envision a number of scenarios in which defendants may argue that a document was not previously made available to them. Rather than delaying the trial so that the government can attempt to identify the reference to a particular hot document in one of its many letters to defense counsel, the court believes it would be helpful to have available for ready reference an index of all hot documents produced.

The court will discuss with counsel the particulars of such an index, including the format and timing of its preparation, at the June 30, 2005, conference.

**V.**

Skilling complains that the government is withholding plea agreements, cooperation agreements, and other communications with witnesses. The government responds that all of the plea and cooperation agreements for the government's principal witnesses are publicly available documents filed with the court, and that Skilling has access to the transcripts of the guilty plea colloquies of those witnesses who have pleaded guilty. The court

also understands the government's response to include the government's commitment to produce all non-public plea agreements, cooperation agreements, non-prosecution agreements, proffer agreements, and similar agreements between the government and its witnesses when the government produces its Jencks Act material pursuant to the court's Scheduling Order on December 9, 2005. (Government's Response at pages 28 and 29) Accepting that representation by the government, the court is not persuaded that Skilling is entitled now to the production of such agreements.

Except as ordered in this Memorandum Opinion and Order and in previous orders of the court, all other relief sought in defendant Jeffrey Skilling's Motion to Compel Production of Exculpatory and Rule 16 Materials (Docket Entry No. 335) is **DENIED**.

**SIGNED** at Houston, Texas, on this 27th day of June, 2005.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE