Sealed
Public and unofficial staff access to this instrument are prohibited by court order.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

SEP 0 1 2005

Michael N. Milby, Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>v.<br><br>RICHARD A. CAUSEY, JEFFREY K. SKILLING, and KENNETH L. LAY,<br><br>                  Defendants. | Crim. No. H-04-25 (Lake, J.)<br><br>**Filed Under Seal/Ex Parte/In Camera** |

**DECLARATION OF MARK J. HULKOWER IN SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS, OR FOR OTHER ALTERNATIVE RELIEF, BASED ON PROSECUTORIAL MISCONDUCT**

**[REFERRED TO IN MOTION AS DECLARATION OF ATTORNEY F]**

445

## DECLARATION OF MARK J. HULKOWER

I.  **Introduction**

1.  I am a partner at the law firm of Steptoe & Johnson LLP and, as part of a team, represent Mr. Richard A. Causey in the above-entitled action. Prior to working at Steptoe & Johnson, I served for seven years as a federal prosecutor.

2.  I submit this declaration in support of Defendants' Joint Motion to Dismiss, or For Other Alternative Relief, Based on Prosecutorial Misconduct.

3.  I have personal knowledge of the facts set forth herein and could and would testify to them at an evidentiary hearing, if necessary.

II.  **Efforts to Obtain Witness Interviews**

4.  For several months, I and others at my firm have attempted to set up meetings or interviews with witnesses in this case by contacting witnesses' counsel. I know and have personal friendships with many of these attorneys. Mr. Causey has had long personal and/or work friendships with many of the witnesses with whom we seek interviews and whom we may seek to call as defense witnesses at trial. Despite significant effort on our part, to date not a single witness, though counsel, has agreed to be interviewed by me or my colleagues, meet with Mr. Causey, or agree to testify on his behalf.

5.  Many of these attorneys state "off the record" that they empathize with our inability to convince witnesses -- many of whom met with the Task Force on multiple occasions -- to be interviewed by defense counsel. Despite articulating concerns for our plight, these attorneys say or have suggested that they and their clients are nevertheless unable to assist us in any way for fear of antagonizing the Enron Task Force. Many of these attorneys point to the fact

that the Enron investigations remain open and their clients have been threatened with indictment by the Enron Task Force.

6.      In one particular case, a lawyer for a witness possessing what I strongly believe to be exculpatory information indicated specifically that his client would not meet with Mr. Causey or his counsel, and that if we issued a trial subpoena that witness will invoke the Fifth Amendment and refuse to testify due to fear that the witness will then be indicted.

7.      Our present inability both to meet with the scores of material witnesses in this case and to be assured that we can secure their testimony at trial is prejudicing our ability to mount an effective defense for Mr. Causey in this case.

### III.    Co-Conspirators in *United States v. Bernard J. Ebbers*

8.      Steptoe & Johnson represented former WorldCom CEO Bernard J. Ebbers in the recent criminal trial in U.S. District Court for the Southern District of New York (United States v. Bernard J. Ebbers, S4 02 Cr. 1144 (BSJ)).   In that case, the United States Attorney's Office sent defense counsel on December 17, 2004 a letter listing the names of thirteen alleged co-conspirators of Mr. Ebbers.  Because of an agreement in that case to keep the identities of the co-conspirators confidential, we are currently unable to disclose the actual letter as an exhibit to this motion.  However, I represent that I have reviewed the confidential letter and confirm that it lists the names of thirteen individuals as "the defendant's co-conspirators for the crimes charged in the above-referenced Indictment."

9.      In this case, by contrast, the Enron Task Force has named 117 alleged co-conspirators -- 104 more than in the Ebbers prosecution.  In my many years serving as a federal prosecutor and criminal defense attorney, I have never seen so many co-conspirators identified in a criminal case, much less a white-collar one.  Nor in all my experience have I ever seen a grand

2

jury investigation kept going so long or one where so few indictments have been returned as compared to the number of alleged co-conspirators.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed at Washington, D.C. on August 29, 2005.

By: _____
Mark J. Hulkower
*Counsel for Richard A. Causey*

3