USM-285 is a 5-part form. Fill out the form and print 5 copies. Sign as needed and route as specified below.

**U.S. Department of Justice**
United States Marshals Service

# PROCESS RECEIPT AND RETURN

JDIS-1

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| UNITED STATES OF AMERICA | H-04-25(S-2) |
| DEFENDANT | TYPE OF PROCESS |
| RICHARD A. CAUSEY | PUBLICATION OF ORDER |

**SERVE AT**
NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
Houston Chronicle
ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW

Patrick Murphy
U.S. Department of Justice
1400 New York Ave., NW - Ste. 10100
Washington, DC 20005

| Number of process to be served with this Form 285 | |
| Number of parties to be served in this case | |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):

Publish Preliminary Order of Forfeiture in the Houston Chronicle.

United States Courts
Southern District of Texas
FILED
JAN - 5 2007
Michael N. Milby, Clerk

04-FGI-001718

Signature of Attorney other Originator requesting service on behalf of: ☒ PLAINTIFF ☐ DEFENDANT
TELEPHONE NUMBER: (202)307-3338
DATE: 11/29/07

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. (Sign only for USM 285 if more than one USM 285 is submitted) | Total Process | District of Origin | District to Serve | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | 1 | No. 79 | No. 79 | Barbara Lowe | 11-30-06 |

☐ I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above (See remarks below)

Name and title of individual served (if not shown above)

☐ A person of suitable age and discretion then residing in defendant's usual place of abode

Address (complete only different than shown above)

Date: 1/5/07   Time: 9.14 ☒ am ☐ pm

Signature of U.S. Marshal or Deputy


| Service Fee | Total Mileage Charges including endeavors | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
|---|---|---|---|---|---|
| 8.00 | | | 8.00 | | |

REMARKS: PUBLICATION FAXED TO HOUSTON CHRONICLE ON 12/6/06. PUBLICATION SCHEDULED TO RUN ON 12/8, 12/15 = 12/22/06. PUBLICATION COMPLETED ON 12/29/06. RETURNED TO COURT ON 1/5/07.

**PRINT 5 COPIES:**
1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

**CLERK**

Form USM-285
Rev. 12/15/80
Automated 01/00

AFFIDAVIT OF PUBLICATION

STATE OF TEXAS:

COUNTY OF HARRIS:

Before me, the undersigned authority, a Notary Public in and for the State of Texas, on the day personally appeared: VICKI EUBANKS, who after being duly sworn, says that she is the ACCOUNTS RECEIVABLE LEAD at the HOUSTON CHRONICLE, a daily newspaper published in Harris County, Texas, and that the publication, of which the annexed herein, or attached to, is a true and correct copy, was published to-wit:

```
U S MARSHALS SERVICE    21514437    96730605
RAN A LEGAL NOTICE
SIZE BEING: 1 X 181 L
         product  date           class     page
         hc       Dec  8 2006    1245.0    F_fri_O 8
         hc       Dec 15 2006    1245.0    F_fri_O 8
         hc       Dec 22 2006    1245.0    F_fri_O 8
```

VICKI EUBANKS
ACCOUNTS RECEIVABLE LEAD

Sworn and subscribed to before me, this the 22nd Day of December A.D. 2006

PENNY STOW
NOTARY PUBLIC, STATE OF TEXAS
COMMISSION EXPIRES
FEB. 4, 2010

Notary Public in and for the State of Texas

**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION**
**Preliminary Order of Forfeiture**
Fed R. Crim. P. 32.2(b)
Civil No. H-04-250(S-2)
UNITED STATES OF AMERICA,
- against -
RICHARD A. CAUSEY, Defendant.

**IT IS HEREBY ORDERED THAT:**

1. As the result of the guilty plea on Count 19 of the Superseding Indictment, for which the Government sought forfeiture pursuant to 18§U.S.C. §981 and 28§U.S.C.§2461, defendant shall forfeit to the United States all property constituting, or derived from proceeds the defendant obtained directly or indirectly, as the result of such violations.

2. The Court has determined, based on defendant's plea agreement and evidence already in the record, including defendant's factual statements, that $1,250,000.00 located within Wachovia Securities Accounts subject to forfeiture pursuant to 18 U.S.C.§981 and 28 U.S.C.§2461 that the defendant had an interest in such property, and that the government has established the requisite nexus between such property and such offenses.

3. Accordingly, $1,250,000.00 of the funds located within Wachovia Securities Account held in the name of Elizabeth A. and Richard Causey, is hereby forfeited to the United States pursuant to 18 U.S.C.§981 and 28 U.S..C.§2461.

4. Upon entry of this Order, the United States Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of t his Order.

5. The United States shall publish notice of the order and its intent to dispense of the Subject Property in such a manner as the United States Attorney General (or a designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in he Subject Property.

6. Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty (30) days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 28 U.S.C.§2461(c) which incorporates 21 U.S.C.§853(n). Any petitioner should serve a copy of the petition on Patrick Murphy, Trial Attorney, Asset Forfeiture and Money Laundering Section, United States Department of Justice.

7. Pursuant to Fed R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be mad part of the sentence and included in the judgment. If no third party files a timely claim,

be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

8. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

9. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C.§853(n)(2).

11. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

12. The Clerk of the Court shall forward four certified copies of this order to Patrick T. Murphy, Trial Attorney, Asset Forfeiture and Money Laundering Section, U.S. Department of Justice.

**Dated:** *November 15, 2006*
**SO ORDERED:**
**/s/ HONORABLE SIM LAKE**
**UNITED STATES**
**DISTRICT JUDGE**

Case 4:04-cr-00025   Document 1197   Filed on 01/05/07 in TXSD   Page 5 of 10

HOUSTON CHRONICLE

Publication Date: 12/08/2006

Ad Number: 21514437
Insertion Number:
Size: 1 X 181
Color Type: B&W

Client Name: U S MARSHALS SERVICE
Advertiser:
Section/Page/Zone: CLA/F8/
Description:

Copyright notice: All pages in this archive are copyrighted by Houston Chronicle Publishing Company. No materials may be directly or indirectly published, posted to Internet and intranet distribution channels, rewritten, broadcast, rewritten...

[Newspaper classifieds page from the Houston Chronicle, Friday, December 8, 2006, containing numerous classified ad listings under categories including 1240 Bids & Proposals, 1245 Legal Notices, 1062 Out of State Property, 1100 Business Opportunities, 1154 Investments, 1164 Loans, 1068 Commercial Property, 1070 Investment Property, 1072 Office Buildings, 1076 Warehouses, 1092 Real Estate Wanted, 1102 Bus. Oppty. For Sale, 1104 Bus. Oppty. Miscellaneous, 1106 Bus. Oppty. Rent/Lease, 1130 Financial Services, 1134 Franchises, 1154 Investments, 1230 Adult Entertainment, 1234 Meeting Services, 1238 Adoptions, 1239 Notice to Creditors, and others. Includes a "Notice to Creditors Ad $69.00" display ad with phone 713-362-6435, a Harris County Auditor's Monthly Report of Condition of Budgets for November 30, 2006, and a Houston Police Department Abandoned Vehicle Auction notice.]

Newspaper classifieds page — Houston Chronicle, Publication Date: 12/15/2006. Case 4:04-cr-00025 Document 1197 Filed on 01/05/07 in TXSD Page 6 of 10. Ad Number: 21514437. Advertiser: US MARSHALS SERVICE. Section/Page/Zone: CLA/F8/. Size: 1 X 181. Color Type: B&W. Contains classified listings including 1144 HOME BASED, 1154 INVESTMENTS, 1164 LOANS, 1178 PARTNERSHIPS, 1200 series notices, 1230 ADULT ENTERTAINMENT, 1234 MEETING, 1240 BIDS & PROPOSALS, 1245 LEGAL NOTICES including Houston Police Department Abandoned Vehicle Auction, Notice of Result of Public Hearing, and various legal notices.

Newspaper tear sheet from Houston Chronicle, Publication Date: 12/22/2006, containing legal notices and classified advertisements (1240 Bids & Proposals, 1245 Legal Notices). Client: US Marshals Service. Ad Number: 21514437. Case 4:04-cr-00025 Document 1197 Filed on 01/05/07 in TXSD Page 7 of 10.

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> - against - ) <br> ) <br> ) <br> RICHARD A. CAUSEY, ) <br> ) <br> Defendant. ) | Preliminary Order of Forfeiture <br> Fed. R. Crim. P. 32.2(b) <br><br> Cr. No. H-04-25(S-2) |

IT IS HEREBY ORDERED THAT:

1. As the result of the guilty plea on Count 19 of the Superseding Indictment, for which the Government sought forfeiture pursuant to 18 U.S.C. § 981 and 28 U.S.C. § 2461, defendant shall forfeit to the United States all property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of such violations.

2. The Court has determined, based on defendant's plea agreement and evidence already in the record, including defendant's factual statements, that $1,250,000.00 located within Wachovia Securities Account ▓▓▓▓ is subject to forfeiture pursuant to 18 U.S.C. § 981 and 28 U.S.C. § 2461, that the defendant had an interest in such property, and that the government has established the requisite nexus between such property and such offenses.

3. Accordingly, $1,250,000.00 of the funds located within Wachovia Securities Account ▓▓▓▓ held in the name of Elizabeth A. and Richard Causey, is hereby forfeited to the United States pursuant to 18 U.S.C. § 981 and 28 U.S.C. § 2461.

4. Upon entry of this Order, the United States Attorney General (or a designee) is authorized

to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

5. The United States shall publish notice of the order and its intent to dispose of the Subject Property in such a manner as the United States Attorney General (or a designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property.

6. Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty (30) days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 28 U.S.C. § 2461(c) which incorporates 21 U.S.C. § 853(n). Any petitioner should serve a copy of the petition on Patrick Murphy, Trial Attorney, Asset Forfeiture and Money Laundering Section, United States Department of Justice.

7. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

8. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject

Property, any additional facts supporting the petitioner's claim and the relief sought.

9. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

11. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

12. The Clerk of the Court shall forward four certified copies of this order to Patrick T. Murphy, Trial Attorney, Asset Forfeiture and Money Laundering Section, U.S. Department of Justice.

Dated: *November 15, 2006*

SO ORDERED:

_____
HONORABLE SIM LAKE
UNITED STATES DISTRICT JUDGE